UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| ANTOINE MAURICE MOORE, | ) | CASE NO. 3:19 CV 1975 |
|---|---|---|
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| JUDGE GARY G. COOK, | ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) | |

This is another *habeas corpus* action filed *pro se* by Antoine Maurice Moore under 28 U.S.C. § 2254.[1] His petition (Doc. No. 1), as well as the supplement he filed captioned as an "Amended Complaint" (Doc. No. 4), are incomprehensible and impossible to decipher. On its face, his petition indicates he seeks to challenge a pending appeal in the Ohio Court of Appeals (*see* Doc. No. 1 at 1, ¶ 2(a)), which relates to his October 2018 conviction to the offense of breaking and entering in Case No. CR-18-2559 in the Lucas County Court of Common Pleas. He seeks "injunctive relief declaratory relief monetary relief [and] punitive relief" for "violation of fourteenth Amendment rights." (*Id*. at 15.)

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that

---

[1] Petitioner has filed several prior petitions under 2254 that have been summarily dismissed. *See Moore v. Lucas County Sheriff's Department*, Case No. 3: 18 CV 2977 (N.D. Ohio April 24, 2019); *Moore v. Lucas County Prosecutor's Office*, Case No. 3: 18 CV 2156 (N.D. Ohio Oct. 22, 2018). Additionally, he has been declared a frivolous filer in federal court and is prohibited from filing further civil actions without paying the full filing fee. *See Moore v. John Tharp, et al*., Case No. 3: 19 CV 2060 (N.D. Ohio Oct. 9, 2019).

lack merit on their face).

The Court finds that this petition must be summarily dismissed. First, the petitioner has not set forth comprehensible grounds for his petition. Because the petition contains so many unintelligible and conclusory allegations and statements, it is impossible for the Court to determine the exact errors of fact or law raised for the Court's disposition. As such, the petition is subject to dismissal under Rule 2(c) of the Rules Governing *Habeas Corpus* Cases. *See, e.g, Rice v. Warden*, Case No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) ("Dismissal under *Habeas* Rule 2(c) is appropriate in cases such as this where the petition and accompanying documents, as well as petitioner's additional pleadings and notices, contain "so many unintelligible and conclusory allegations and statements" that it is impossible for the Court to determine "the exact errors of fact or law" that have been raised for adjudication or even whether petitioner's stated grounds for relief pertain to anything that occurred in the challenged . . . criminal case"), Report and Recommendation adopted, 2015 WL 6104354 (S.D. Ohio Oct. 16, 2015). *See also Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 53–54 (2d Cir. 2006) (*habeas* petitioner's amended petition was unintelligible, warranting dismissal pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases).

Additionally, to the extent petitioner seeks to challenge his conviction in Lucas County Court of Common Pleas in Case No. CR-18-2559, he has not demonstrated that he has fully exhausted his state-court remedies. Petitioner was clearly notified, in a prior *habeas corpus* action he filed pertaining to the same conviction, that he could not seek *habeas corpus* relief until he fully exhausted his state remedies by giving "the highest court in the state . . . a full and fair opportunity to rule on [his] claims." *See Moore v. Lucas County Prosecutor's Office*, Case No. 3: 18 CV 2156, slip op. at 2 (N.D. Ohio Oct. 22, 2018). The petition does not demonstrate that petitioner's claims regarding his conviction, whatever they are, have been fully exhausted in the Ohio courts. Indeed, he represents his appeal is "still pending." (Doc. No. 1 at 2-3, ¶9(g)).

Finally, *habeas corpus* is the appropriate remedy for state prisoners to attack the validity of fact or length of their confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). But [i]f a state

prisoner is seeking damages," as petitioner asserts he is here, "he is attacking something other than the fact or length of his confinement, and . . . *habeas corpus* is not an appropriate or available federal remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). To seek damages, a prisoner must file a civil rights action under 42 U.S.C. § 1983. *Id.*[2]

**Conclusion**

For all of the foregoing reasons, the petition in this case is denied and this action is dismissed pursuant to Rules 2 and 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED: December 2, 2019

---

[2]Because petitioner has already been declared a frivolous filer, he may not proceed *in forma pauperis* and must pay the full filing fee if he files a civil rights damage action in a new case.